UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:20-cv-10063

SALTPONDS CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.

ROCKHILL INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SALTPONDS CONDOMINIUM ASSOCIATION, INC. ("PLAINTIFF"), sues Defendant, ROCKHILL INSURANCE COMPANY ("DEFENDANT"), and states:

## GENERAL ALLEGATIONS

1. This is an action for specific performance, or alternatively for breach of contract seeking judgment for damages in an amount exceeding $75,000.00.

2. Pursuant to 28 U.S.C. §1332, this Court has subject matter jurisdiction because the amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney's fees, and there is complete diversity of jurisdiction between the parties.

3. At all times material, PLAINTIFF was and is a non-profit condominium association and corporation organized and existing under the laws of the State of Florida and was authorized to do, and is doing business in Key West, Florida.

4. At all times material, PLAINTIFF is the owner of the condominium property located at 3635 - 75 Seaside Drive, Key West, Florida ("Property").

5. At all times material, DEFENDANT, was and is a commercial residential surplus lines insurer authorized to transact and transacting insurance within the State of Florida.

6. At all times material, DEFENDANT provided commercial residential property insurance coverage to property owners residing in Monroe County, Florida, including PLAINTIFF.

7. On or about March 20, 2017, DEFENDANT offered to provide the PLAINTIFF with commercial residential property insurance coverage.

8. On or about March 20, 2017, PLAINTIFF accepted DEFENDANT's offer of commercial residential property insurance coverage and paid the $114,184.00 premium due DEFENDANT.

9. DEFENDANT issued Insurance Policy No. EB3R16-10008, which provides among other things, commercial residential property insurance coverage to PLAINTIFF for the twelve (12) month period beginning March 20, 2017. A copy of the Declarations Page and Insurance Policy (collectively "Insurance Contract") is attached as **Composite Exhibit "A."**

10. The intent and purpose of the Insurance Contract is to provide commercial residential property insurance coverage to its named insured, PLAINTIFF, for damages caused by named windstorms.

11. On September 10, 2017, Hurricane Irma made landfall in Monroe County, and caused damage to the Property.

12. PLAINTIFF timely reported its claim to DEFENDANT.

13. In or about November and December, 2017, PLAINTIFF's engineer, LCM Engineering, PLLC, and DEFENDANT's engineer, Bracken Engineering, performed inspections

of the Property for Hurricane Irma damages and prepared reports, which the parties have since exchanged with one each other.

14. On March 6, 2018, PLAINTIFF elected to recover for its Hurricane Irma damages on both an actual cash value and a replacement cost value basis.

15. On February 28, 2019, PLAINTIFF demanded an appraisal of its loss in writing.

16. On March 28, 2019, DEFENDANT "rejected" PLAINTIFF's demand for appraisal on the grounds that PLAINTIFF's demand for appraisal was "premature due to Rockhill's ongoing investigation and pending requests for information and documentation."

17. Thereafter, PLAINTIFF continued to cooperate with DEFENDANT's "ongoing investigation and pending requests for information and documentation."

18. On May 17, 2019, PLAINTIFF provided DEFENDANT with a sworn statement in proof of loss and a supporting report from PLAINTIFF's engineer, GM Selby.

19. On July 28, 2019, PLAINTIFF provided independent adjuster, Anthony Pegg's, itemized estimates to DEFENDANT, and requested DEFENDANT provide proposed dates for the inspection of PLAINTIFF's records.

20. On August 8, 2019, PLAINTIFF re-sent Mr. Pegg's estimates to DEFENDANT, and informed DEFENDANT that PLAINTIFF's books and records remained available for DEFENDANT's inspection and copying at a mutually convenient date and time.

21. On August 9, 2019, PLAINTIFF provided Mr. Pegg's photos to DEFENDANT.

22. On September 10-12, 2019, DEFENDANT's consulting engineers re-inspected PLAINTIFF's Property.

23. PLAINTIFF again made it Property available for DEFENDANT's consulting experts on October 10, 2019, as was requested by DEFENDANT.

24. On October 23, 2019, PLAINTIFF requested in writing, that DEFENDANT name its appraiser.

25. On October 31, 2019, DEFENDANT informed PLAINTIFF it was "not in a position to agree to appraisal at this time."

26. On November 19, 2019, PLAINTIFF reaffirmed its demand for appraisal.

27. On January 15, 2020, DEFENDANT informed PLAINTIFF through its counsel "As for appraisal, my client has not made a final coverage decision to date. They are still awaiting reports. Can't go to appraisal at this point."

28. On January 28, 2020, DEFENDANT requested an examination under oath of PLAINTIFF and unilaterally scheduled the examination for March 27, 2020 in Key West, Florida.

29. On January 29, 2020, PLAINTIFF requested DEFENDANT provide alternative dates for the examination under oath of PLAINTIFF's property manager between January 29, 2020 and March 27, 2020, and again advised DEFENDANT that PLAINTIFF's non-privileged books and records remain available for inspection and copying as they are kept in the ordinary course and scope of business at the property manager's office in Key West, Florida.

30. On February 4, 2020, PLAINTIFF wrote to DEFENDANT and offered to make its property manager, Roger Holtkamp, available for his examination under oath on March 5, 9, 16 and 23, and suggested the examination be taken at the property manager's office as that is where the Association's records are kept.

31. On February 5, 2020, DEFENDANT's independent adjuster, Vincent Cici, wrote to PLAINTIFF's counsel stating in pertinent part, as follows:

> As you are aware, we are the IA assigned to the hurricane Irma claim mentioned above. We are in receipt of WJE's report and have identified some building damage that has to be quantified. The carrier has assigned DBI Construction Consultants to prepare an

estimate for same. Mr. Gus Cois (cc'd), DBI, will be in touch to coordinate an inspection.

32. On February 6, 2020, Danny DiMillo, Project Manager for DBI, wrote to PLAITNIFF's counsel and stated, in pertinent part, as follows:

> I'm reaching out to you regarding DBI's assignment to inspect and estimate repairs to affected areas at 3635 Seaside Dr., Key West, FL 33040. As of now, DBI can be available on 2/10. 2/11 an, and 2/12. After reviewing the WJE report, we would like to inspect a unit with repaired windows (such as Unit 123 in Building 3655), a select number of other units claiming damages, the roofs, and building exteriors. I anticipate we will need one full day to complete our assessment. At your earliest convenience, I ask that you please provide me with you and/or the insured's availability for the above dates or alternate dates.

33. On February 7, 2020, PLAINTIFF's counsel responded to Mr. DeMillo as follows:

> Daniel, Saltponds' property is available for DBI's inspection on 2/17, 2/18 or 2/19. Please confirm the date asap as notice will need to be given to the owners of the various units referenced in your email below.

34. On February 18, 2020, PLAINTIFF's property manager, wrote to Mr. DeMillo in response to his email earlier that morning requesting confirmation of DBI's inspection of the Property on February 19, 2020:

> This is Roger at SaltPonds. I am expecting to see some engineers here at Saltponds at 10:20 tomorrow morning- to enter 10 Units and have access to any other part of building you care to see! I can be reach at 305-292-0222 if you get lost and when you arrive come to office.

35. On February 19, 2020, DBI completed its inspection of the Property for DEFENDANT.

36. On June 4, 2020, PLAINTIFF's property manager gave his examination under oath to counsel for DEFENDANT in Key West, Florida.

37. PLAIINTIFF has to date, produced numerous documents to DEFENDANT, including, but not limited to, copies of engineering reports by LCM Engineering and GM Selby; independent adjuster, Tony Pegg's estimates and revised estimates for the Property; Roofing Contractor/ Consultant, Danny Stokes' Roof Report and Supplemental Roof Report for the Property; roof moisture survey; insurable value appraisals prepared by Appraisers of the Keys for the Property dated January 13, 2016, April 19, 2018 and April 21, 2020; PLAINTIFF's governing documents; PLAINTIFFS' board minutes from 2012 through June 4, 2020; QuickBooks' ledger relating to the Property's maintenance and repairs from October 1, 2017 through June 4, 2020; and invoices for the Property's maintenance and repairs from October 1, 2017 through June 4, 2020.

38. To date, DEFENDANT has declined to accept any of PLAINTIFF's multiple offers for DEFENDANT to inspect all of PLAINTIFF's non-privileged books and records as they are kept in the regular course and scope of business at its property manager's office in Key West, Florida.

39. DEFENDANT has failed to pay PLAINTIFF's claim, despite its demand and DEFENDANT's obligations to do so under the Insurance Contract.

40. The parties have not agreed on the amount of the loss.

41. Defendant has failed to participate in and/or cooperate with the appraisal of the PLAINTIFF's loss, despite its obligations to do so under the Insurance Contract.

42. Venue lies in the Southern District of Florida because, among other things, the Insurance Contract was entered into and provides insurance coverage for Property located in Monroe County, Florida.

43. PLAINTIFF has complied with its obligations under the Insurance Contract.

44. All conditions precedent to the filing of this action have occurred, have been waived and/or are excused.

## COUNT I
## **SPECIFIC PERFORMANCE**

45. This is an action by PLAINTIFF against DEFENDANT for specific performance including the initiation of the appraisal process, the appointment of a neutral umpire, the timely and fair completion of the appraisal process and for a final judgment confirming the amount of the appraisal award. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney's fees.

46. PLAINTIFF re-alleges and re-avers the allegations contained in paragraph 1 through 44 above as if fully set forth herein.

47. The Insurance Contract sets forth the rights and obligations of DEFENDANT to PLAINTIFF with respect to its claim.

48. Pursuant to the terms and conditions of the Insurance Contract, PLAINTIFF has a right to an appraisal and is entitled to an appraisal award determining the amount of its loss. In particular, the Insurance Contract, provides in pertinent part, as follows:

> 21. Appraisal
>
> In case the Insured and this Insurer shall fail to agree to the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within Thirty (30) days of such demand. The appraisers shall select a competent and disinterested umpire; and, failing for Fifteen (15) days to agree upon such umpire, then on request of the Insured or the Insurer, such umpire shall be selected by a judge of a district court of a judicial district in accordance with the Law and Jurisdiction clause of this policy. The appraisers shall then appraise the loss, separating the loss to each item; and, failing to agree, shall submit their differences only to the umpire. An award in writing, so itemized of any two when filed with the Insurer, shall determine the amount of the loss. Each appraiser shall be paid by

> the party selecting each respective appraiser and the expenses of appraisal and umpire shall be paid by the parties equally.
>
> If there is an appraisal, the Company will still retain its right to deny the claim.

49. Appraisal is a unique process for the prompt, economic and efficient resolution of disputes concerning the scope and amount of loss in insurance claims.

50. PLAINTIFF does not have an adequate remedy at law.

51. PLAINTIFF has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

52. Section 626.9373, *Florida Statutes*, provides in relevant part, as follows:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.
>
> (2) If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

WHEREFORE, Plaintiff, SALTPONDS CONDOMINIUM ASSOCIATION, INC., demands specific performance compelling appraisal of the loss, the appointment of a neutral umpire if necessary, the timely and fair completion of the appraisal process and a final judgment confirming the amount of the appraisal award, together with interest, attorney's fees under Section 626.9373, *Florida Statutes*, costs and such other and further relief this Court deems just, equitable and proper.

# COUNT II
## **ALTERNATIVE CLAIM FOR BREACH OF CONTRACT**
*(Actual Cash Value)*

53. This is an alternative action by PLAINTIFF against DEFENDANT for damages for breach of contract in the event the Court dismisses PLAINTIFF's claim for specific performance of the appraisal provision. The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney's fees.

54. PLAINTIFF re-alleges and re-avers the allegations contained in paragraphs 1 through 44 above, with the same force and effect as if fully restated and set forth herein.

55. The Insurance Contract sets forth the rights and obligations of DEFENDANT to PLAINTIFF with respect to its claim.

56. Pursuant to the terms of the Insurance Contract, PLAINTIFF has a right to recover for its property damages, which were caused by Hurricane Irma, on an actual cash value (ACV) basis.

57. Notwithstanding PLAINTIFF's claim, DEFENDANT has not paid PLAINTIFF's property damage claim.

58. DEFENDANT has materially breached the Insurance Contract by failing to fully adjust and/or pay PLAINTIFF's property damage claim.

59. As a direct and proximate result of DEFENDANT's material breaches of the Insurance Contract, PLAINTIFF has suffered damages in excess of its hurricane deductible.

60. PLAINTIFF has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

61. Section 626.9373, *Florida Statutes*, provides in relevant part, as follows:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or

omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.

(2) If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

WHEREFORE, Plaintiff, SALTPONDS ATLANTIC CONDOMINIUM ASSOCIATION, INC., demands judgment for its ACV damages for breach of contract against Defendant, ROCKHILL INSURANCE COMPANY, together with interest, costs and attorney's fees, and such other and further relief this Court deems just and proper.

## COUNT III
## CLAIM FOR BREACH OF CONTRACT
*(Replacement Cost Value)*

62. This is an alternative action by PLAINTIFF against DEFENDANT for damages for breach of contract in the event the Court dismisses PLAINTIFF's claim for specific performance of the appraisal provision. The amount in controversy exceeds $75,000.00 exclusive of interest, costs and attorney's fees.

63. PLAINTIFF re-alleges and re-avers the allegations contained in paragraphs 1 through 44 above, with the same force and effect as if fully restated and set forth herein.

64. The Insurance Contract sets forth the rights and obligations of DEFENDANT to PLAINTIFF with respect to its claim.

65. Pursuant to the terms of the Insurance Contract, PLAINTIFF has a right to recover from DEFENDANT for its property damages, which were caused by Hurricane Irma, on replacement cost value (RCV) basis.

66. Notwithstanding PLAINTIFF's claim, DEFENDANT has not paid PLAINTIFF for its property damages on an RCV basis.

67. DEFENDANT has materially breached the Insurance Contract by failing to fully adjust and/or pay PLAINTIFF's property damages on an RCV basis.

68. As a direct and proximate result of DEFENDANT's material breaches of the Insurance Contract, PLAINTIFF has suffered damages in excess of its hurricane deductible.

69. PLAINTIFF has retained the undersigned attorneys to represent it in this action and is required to pay them a reasonable fee for their services.

70. Section 626.9373, *Florida Statutes*, provides in relevant part, as follows:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court or, if the insured or beneficiary prevails on appeal, the appellate court, shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.
>
> (2) If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

WHEREFORE, Plaintiff, SALTPONDS ATLANTIC CONDOMINIUM ASSOCIATION, INC., demands judgment for its RCV damages for breach of contract against Defendant, ROCKHILL INSURANCE COMPANY, together with interest, costs and attorney's fees, and such other and further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims, defenses and issues raised in the entire case.

Dated: June 17, 2020.

CASE NO.: 4:20-cv-10063
*Complaint*

        JANSSEN, SIRACUSA & KEEGAN PLLC
*Counsel for Plaintiff, Saltponds Condominium Association, Inc.*
19 West Flagler Street, Suite 618
Miami, Florida 33130
Telephone (561) 428-2776
Facsimile (561) 420-0576
Email: jsiracusa@jasilaw.com
Email: jjanssen@jasilaw.com

By: **s/ *John M. Siracusa*_____**
    JOSEPH W. JANSSEN, III
    Florida Bar No. 160067
    JOHN M. SIRACUSA
    Florida Bar No. 159670