UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 20-CV-10063-Martinez/Otazo-Reyes

SALTPONDS CONDOMINIUM
ASSOCIATION, INC.

    Plaintiff,

vs.

ROCKHILL INSURANCE COMPANY,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, ROCKHILL INSURANCE COMPANY ("Defendant"), by and through its undersigned counsel, and pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby files its Motion to Dismiss and Incorporated Memorandum of Law, as to the Complaint **[D.E. #1]** filed by Plaintiff, SALTPONDS CONDOMINIUM ASSOCIATION, INC. ("Plaintiff"), and in support thereof states as follows:

**I.  INTRODUCTION**

1. The above-styled action arises out of a dispute pertaining to a policy for insurance bearing Policy Number EB3R16-10008 (the "Policy"), relative to the property located at 3635 - 75 Seaside Drive, Key West, Florida (the "Insured Property").

2. On or about June 17, 2020, Plaintiff filed a three (3) count Complaint against Defendant in the above-styled action.

3. In Count I of the Complaint, Plaintiff purports to state cause of action against Defendant for specific performance as to the appraisal provisions of the Policy.

4. In Count II of the Complaint, Plaintiff purports to state a cause of action against Defendant for breach of contract, claiming that it has a "right to recover" from Defendant for its "property damages, which were caused by Hurricane Irma, on an actual cash value (ACV) basis". *See [D.E. #1], ¶56.*

5. In Count III of the Complaint, Plaintiff purports to state a cause of action against Defendant for breach of contract, claiming that it has a "right to recover" from Defendant for its "property damages, which were caused by Hurricane Irma, on replacement cost value (RCV) basis". *See [D.E. #1], ¶65.*

6. As more particularly set forth herein, Plaintiff has failed to state a claim against Defendant upon which relief can be granted in all three (3) counts of its Complaint, and dismissal is warranted.

II. **LEGAL STANDARD**

7. When considering a Rule 12(b)(6) motion, the Court must determine whether the factual allegations, taken in the light most favorable to Plaintiff, raise a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007). However, the Court is not required to accept Plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 556 U.S. 662, 129 S.Ct. 1937 (2009).

8. As the parties to the above-styled action are before the Court on diversity jurisdiction grounds, in evaluating the sufficiency of the claims, the Court must apply the law of Florida, the forum state. *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018).

### III.     COUNT I - SPECIFIC PERFORMANCE

9. Although Count I of the Complaint is entitled "Specific Performance", it constitutes an action on the part of Plaintiff to compel appraisal under the Policy. However, regardless of how this count is construed, it cannot stand, as a matter of law.

10. Applying the legal standards above to Count I, the issue is whether Plaintiff has pled sufficient facts as opposed to legal conclusions to state a claim for specific performance of an insurance appraisal clause under Florida law. Specific performance is an equitable remedy as opposed to a legal cause of action. To demonstrate a right to this remedy under Florida law, a plaintiff must plead facts showing: (1) the plaintiff is clearly entitled to this remedy; (2) there is no adequate remedy at law; and (3) justice must require it. *La Gorge Palace Condo Ass'n, Inc. v. QBE Ins. Corp.*, 733 F.Supp.2d 1332, 1334 (S.D. Fla 2010)(citing *Castigliano v. O'Connor*, 911 So.2d 145, 148 (Fla. 3d DCA 2005)).

11. The first element of the claim requires litigants seeking the remedy of specific performance to establish the legal requirements of entitlement to the right "by clear, definite and certain proof." *Id.*  While a plaintiff may plead the validity of the contract at issue and his or her performance under it generally, when it comes to establishing entitlement to a particular right under the contract, a plaintiff will need to provide a greater degree of proof than that required under the preponderance of evidence rule. *La Gorge*, 733 F.Supp.2d at 1334 (citing *Humphrys v. Jarrell*, 104 So.2d 404, 410 (Fla. 2d DCA 1958)).

12. The Complaint in this case fails to state a claim because Plaintiff has not pled facts to demonstrate a present right to appraisal under the insurance contract, or no

adequate remedy at law if appraisal is not ordered, or that justice presently requires the appraisal. *La Gorge*, 733 F.Supp.2d at 1334 (citing *Johnson v. Nationwide Mut. Ins. Co.*, 828 So.2d 1021, 1025 (Fla.2002)("the existence of coverage issues requiring judicial determination preclude entitlement to appraisal")).

13. In the Complaint at bar, Plaintiff has not alleged that there are no coverage issues which require judicial determination or that the dispute between the parties is simply a difference in the amount of loss, and Florida law requires such allegations to plead a claim for specific performance of the appraisal clause under the parties' insurance contract. *See La Gorge*, 733 F.Supp.2d at 1334.

14. Although Plaintiff does allege that it "does not have an adequate remedy at law", *see [D.E. #1], ¶50*, this allegation is belied by the fact that, in subsequent counts, Plaintiff purports to set forth not just one, but two causes of action for Breach of Contract against Defendant.

15. Moreover, apparently acknowledging the weakness of Count I, and its susceptibility to dismissal by the Court, Plaintiff introduces both Counts II and III of the Complaint by stating that they are being advanced "in the event the Court dismisses Plaintiff's claim for specific performance of the appraisal provision". *See [D.E. #1], ¶53 and ¶62.*

16. Construing Count I as a thinly-veiled petition to compel appraisal [1], Defendant would also show that "Florida law does not recognize this count as a viable

---

[1] In the prayer for relief contained in Count I, Plaintiff seeks an order "compelling appraisal of the loss, the appointment of a neutral umpire if necessary, the timely and fair completion of the appraisal process and a final judgment confirming the amount of the appraisal award". *See [D.E. #1], p.8.*

claim". *Aspen Specialty Ins. Co. v. River Oaks of Palm Beach Homeowners Ass'n, Inc.*, 2012 WL 13019190 *2 (S.D. Fla. 2012)(dismissing petition to compel appraisal).

17. An order compelling an appraisal prior to determining whether the insured's loss is covered under the Policy, as sought by Plaintiff in Count I, would be premature. *See Landmark Am. Ins. Co. v. Hacienda Village Homeowners Ass'n, Inc.*, 2008 WL 4371325, at *2 (M.D. Fla. 2008)(finding that an order compelling an appraisal prior to determining whether the insured's loss is covered under the policy would be premature).

18. Accordingly, Defendant respectfully submits that Count I of the Complaint should be dismissed.

### IV. <u>COUNTS II & III – BREACH OF CONTRACT</u>

19. In Counts II and III of the Complaint, Plaintiff purports to state a cause of action against Defendant for breach of the Policy.

10. Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)); *Ashcroft* 556 U.S. at 667-8 (2009).

11. A complaint must '"contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."' *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it ask for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

12. "Where a complaint pleads facts that are 'merely consistent with' defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief'". *Id. See also Euro RSCG Direct Response, LLC v. Green Bullion Financial Services*, 872 F.Supp.2d 1353 (S.D. Fla. 2012)("factual allegations must be enough to raise a right to relief above the speculative level")(internal citations omitted)); *Hale v. King*, 642 F. 3d 492, 498 (5th Cir. 2011).

13. A complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Chicken Kitchen USA, LLC v. Maiden Specialty Ins. Co.*, 2016 WL 3982493, at *1 (S.D. Fla. 2016))(citing *Twombly*, 550 U.S. at 555); *Rule 8(a)(2), Fed.R.Civ.P*.

14. A complaint that fails to satisfy the pleading requirements of Rule 8(a)(2) is subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Iqbal*, 556 U.S. 662 (The Supreme Court determined the complaint was to be dismissed for failure to state a claim upon which relief could be granted as the complaint failed to satisfy the pleading requirements of Rule 8(a)(2)).

15. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 545. S*ee also Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Iqbal*, 556 U.S. at. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. (internal citations omitted)).

16. Moreover, under a motion to dismiss analysis, a complaint that alleges insufficient factual support is entitled to no assumption of truth. *Iqbal,* 556 U.S. at 678 ("[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept true a legal conclusion couched as a factual allegation."). S*ee also, Miller v. Bank of New York Mellon*, 228 F.Supp. 3d 1287, 1289-90 (Fla. M.D. 2017)("'legal conclusions without adequate factual support are entitled to no assumption of truth'" under a Rule 12(b)(6) analysis (citing *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011)).

17. In the instant case, admittedly, the "General Allegations" section of Plaintiff's Complaint includes some purported facts. However, these allegations either pertain to Plaintiff's demand for appraisal, and are thus not germane to the breach of contract counts, or they recite other occurrences in the claim adjustment process, none of which evince a breach of the Policy on the part of Defendant. Aside from these allegations, Counts II and III of Plaintiff's Complaint constitute nothing more than formulaic recitations of the elements for a breach of contract action. As such, Plaintiff has failed to satisfy Rule 8(a)(2), warranting dismissal under Rule 12(b)(6).

18. Accordingly, as with Count I, Defendant respectfully submits that Counts II and III of the Complaint should also be dismissed.

## V. CONCLUSION

19. For the reasons set forth herein, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant, ROCKHILL INSURANCE COMPANY, respectfully requests the entry of an Order dismissing Plaintiff's Complaint for the reasons set forth

herein and awarding any and all further relief the Court deems just and proper under the circumstances.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **August 11, 2020**, the undersigned electronically filed the foregoing document with the clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day via electronic correspondence to: JANSSEN, SIRACUSA & KEEGAN PLLC (jsiracusa@jasilaw.com; jjanssen@jasilaw.com; kmaska@jasilaw.com; mkeegan@jasilaw.com), 19 West Flagler Street, Suite #618, Miami, Florida 33130; either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic filing.

**LEVY LAW GROUP**

/s/ Paula Levy Parkes
LAUREN D. LEVY, ESQ.
Florida Bar No.: 0116490
PAULA LEVY PARKES, ESQ.
Florida Bar No.: 0117031
3399 Ponce de Leon Boulevard
Suite 202
Coral Gables, Florida 33134
Telephone: (305) 444-1500
Facsimile: (305) 503-9295
*Counsel for Rockhill Insurance Company*