UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | |
|---|---|
| SALTPONDS CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKHILL INSURANCE COMPANY, ET AL., <br><br> Defendants. | CIVIL ACTION NO. 4:20-cv-10063-JEM |

**SCOTTSDALE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO SCOTTSDALE INSURANCE COMPANY'S NOTICE OF JOINDER IN LIBERTY SURPLUS INSURANCE CORPORATION'S MOTION TO DISMISS**

Defendant Scottsdale Insurance Company (hereinafter "Scottsdale"), by and through its undersigned counsel, and pursuant to Local Rule 7.1 and this Court's Order in Cases with Multiple Defendants [Doc 56], files this Reply to Plaintiff's Response and Incorporated Memorandum of Law in Opposition to Defendant Scottsdale Insurance Company's Notice of Joinder in Liberty Surplus Insurance Corporation's Motion to Dismiss [Doc 133], respectfully showing the Court as follows:

## INTRODUCTION

On May 4, 2021, Liberty Surplus Insurance Corporation ("Liberty") filed its motion to dismiss the amended complaint [Doc 50]. On May 6, 2021, the Court entered its Order in cases with multiple defendants [Doc 56], which requires, among other things, that the defendants file their responses and motions relating to the amended complaint jointly. Accordingly, Scottsdale filed a Notice of Joinder in Liberty Surplus Insurance Corporation's Motion to Dismiss (hereinafter "Notice of Joinder") on June 10, 2021, attaching as an exhibit a true and correct copy of the policy issued by Scottsdale, number AJS0000461, (hereinafter "Scottsdale policy") as evidence of Scottsdale's participation in the insurance program. [Doc 113].[1]

The Court's May 6, 2021 order also requires Saltponds to file a proof of service, as to each defendant, within seven days of perfecting service on each defendant. [Doc 56]. On June 14, 2021, Saltponds filed a Notice of Service of Process indicating that Scottsdale Insurance Company had been served on April 27, 2021, forty-eight days prior. [Doc 119].

---

[1] As stated in Scottsdale's Notice of Joinder, the insurer defendants named in this action, including Scottsdale, participate in an insurance program under which a primary insurance policy issued by Rockhill Insurance Company, number EB3R16-10008, and various excess insurance policies were issued.

On June 22, 2021, Saltponds filed a Response and Incorporated Memorandum of Law in Opposition to Defendant Scottsdale Insurance Company's Notice of Joinder in Liberty Surplus Insurance Corporation's Motion to Dismiss. [Doc 133]. Contrary to Saltponds' assertions, the Scottsdale policy should be considered by the Court because it is central to Saltponds' claim and indisputably authentic. Further, the Scottsdale policy, as well as the primary insurance policy issued by Rockhill, number EB3R16-10008, (hereinafter "Rockhill policy"), unequivocally show that Scottsdale does not provide primary coverage to Saltponds.

## **LEGAL STANDARD**

When considering a motion to dismiss, the Court accepts all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. See ***Pielage v. McConnell***, 516 F. 3d 1282, 1284 (11th Cir. 2008). The Court also shall consider "the facts derived from a complaint's exhibits as part of the plaintiff's basic factual averments." See ***F.T.C. v. AbbVie Prods. LLC***, 713 F. 3d 54, 63 (11th Cir. 2013). While the district court is generally prohibited from considering materials not attached to the complaint, an exception is made for documents that are both central to the plaintiff's claim and undisputed as to authenticity. See ***Day v. Taylor***, 400 F. 3d 1272, 1275-76 (11th Cir. 2005).

## **MEMORANDUM OF LAW**

Saltponds' assertion of untimeliness is immaterial, as Saltponds has not sought an entry of default against Scottsdale in this matter. Further, Saltponds did not file a notice of service of process as to Scottsdale until June 14, 2021, forty-eight days after Scottsdale was served. [Doc 119]. Under the Court's order in cases with multiple defendants [Doc 56], Saltponds was required to file a proof of service, as to each defendant, within **seven days** of perfecting service on each defendant. (emphasis supplied). Saltponds incredibly now insists on rigid timeliness when it blatantly failed to comply with the Court's order in cases with multiple defendants by filing the notice of service of process as to Scottsdale forty-one days late and twenty-seven days after it expected Scottsdale to serve its Notice of Joinder. This "defense" is nothing more than a feeble attempt to divert the Court's attention from the actual issues set forth in Scottsdale's Notice of Joinder.

Additionally, contrary to Saltponds' assertion, the Court may properly consider the Scottsdale policy attached as an exhibit to Scottsdale's Notice of Joinder. While courts generally are prohibited from considering materials outside the four corners of the complaint in a motion to dismiss, there is an exception for

4

documents that are (1) central to the plaintiff's claim and (2) undisputed as to authenticity. *See* **Day v. Taylor**, 400 F. 3d 1272, 1275-76 (11th Cir. 2005). The Scottsdale policy certainly is central to Saltponds' claim, as it evidences Scottsdale's participation in the insurance program under which Saltponds seeks recovery. To the extent that any recovery is available to Saltponds from Scottsdale, it is governed by the Scottsdale policy attached as an exhibit to the Notice of Joinder.

While Saltponds does not attempt to argue that the Scottsdale policy is not central to its claim, it does state that the Scottsdale policy is not indisputably authentic, asserting that "there is no mention of Saltponds or the [Rockhill] policy at issue in this case…." [Doc 133]. Saltponds' argument is irrelevant. "In this context, 'undisputed' means that the authenticity of the document is not challenged." **Day v. Taylor**, 400 F.3d 1272, 1276 (11th Cir. 2005). Scottsdale attached a true and correct copy of the Scottsdale policy to its Notice of Joinder, and Saltponds has made no allegation that the document has been improperly modified or altered or otherwise is inauthentic. Further, the Rockhill policy, attached by Saltponds to its amended complaint as an exhibit, contains a document entitled Appendix – Market Security (hereinafter "Market Appendix"), which "sets forth the participating insurers to the coverage provided." [Doc 41-1, page 53 of

5

55]. Not only is Rockhill clearly identified as the primary insurer in the Market Appendix, but "Scottsdale Insurance Company" also is listed as providing excess coverage under policy number AJS0000461, the same policy attached as an exhibit to Scottsdale's Notice of Joinder. Therefore, the requirements for exception to the general rule have been satisfied, and the Scottsdale policy should be considered by the Court when addressing the motion.

As evidenced by both the Rockhill policy and the Scottsdale policy, Scottsdale does not provide primary coverage to Saltponds under this insurance program. In fact, Scottsdale's participation in the insurance program is limited to providing coverage under policy number AJS0000461, with coverage limits of $37.5 million part of $150 million in excess of $100 million and $62.5 million part of $250 million in excess of $250 million. Because Saltponds has failed to plead damages implicating Scottsdale's $100 million coverage attachment point, and further failed to plead sufficient facts to state a claim against Scottsdale upon which relief can be granted, Scottsdale should be dismissed from this action.

WHEREFORE, defendant Scottsdale Insurance Company hereby respectfully requests that the amended complaint against Scottsdale be dismissed with prejudice and that all costs and disbursements incurred by Scottsdale in this action be taxed against Saltponds.

Respectfully submitted this 12th day of July, 2021.

>*/s/ Kristen K. Johnson*
>Kristen K. Johnson, Esq.
>Florida Bar No. 89096
>MOZLEY, FINLAYSON & LOGGINS LLP
>4767 New Broad Street
>Orlando, Florida 32814
>Tel: (404) 256-0700
>Fax: (404) 250-9355
>kjohnson@mfllaw.com
>
>*Counsel for Defendant Scottsdale Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | |
|---|---|
| SALTPONDS CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKHILL INSURANCE COMPANY, ET AL., <br><br> Defendants. | ) ) ) ) ) ) CIVIL ACTION NO. ) 4:20-cv-10063-JEM ) ) ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **SCOTTSDALE INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE TO SCOTTSDALE INSURANCE COMPANY'S NOTICE OF JOINDER IN LIBERTY SURPLUS INSURANCE CORPORATION'S MOTION TO DISMISS** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

| | |
|---|---|
| Joseph W. Janssen, III, Esq. <br> John M. Siracusa, Esq. <br> JANSSEN, SIRACUSA & KEEGAN, PLLC <br> 19 West Flagler Street, Suite 618 <br> Miami, FL 33130 <br> jjanssen@jasilaw.com | Antonio D. Morin, Esq. <br> AKERMAN LLP <br> Three Brickell City Centre <br> 98 SE 7th St Ste 1100 <br> Miami, FL 33131-3525 <br> antonio.morin@akerman.com <br><br> *Counsel for Hallmark Specialty* |

| | |
|---|---|
| jsiracusa@jasilaw.com<br>kmaska@jasilaw.com<br>mkeegan@jasilaw.com<br><br>*Counsel for Plaintiff Saltponds Condominium Association, Inc* | *Insurance Company* |
| Matthew L. Litsky, Esq.<br>PHELPS DUNBAR LLP<br>100 South Ashley Drive, Suite 2000<br>Tampa, Florida 33602-5311<br>matthew.litsky@phelps.com<br><br>*Counsel for Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1230AP04438A16* | Christine M. Renella, Esq.<br>ZELLE LLP<br>SunTrust International Center<br>One Southeast Third Avenue, Ste. 1600<br>Miami, Florida 33131-4332<br>crenella@zelle.com<br><br>*Counsel for Defendant Liberty Surplus Insurance Corporation* |
| Robert M. Darroch, Esq.<br>Sara K. Blackwell, Esq.<br>GOODMAN McGUFFEY LLP<br>6751 Professional Parkway<br>Suite 103<br>Sarasota, Florida 34240-8449<br>rdarroch@GM-LLP.com<br>dlane@GM-LLP.com<br>sblackwell@GM-LLP.com<br>FLService@GM-LLP.com<br><br>*Counsel for Defendant Colony Insurance Company* | Perry R. Goodman, Esq.<br>MOUND COTTON WOLLAN & GREENGRASS<br>110 E. Broward Blvd., Suite 610<br>Fort Lauderdale, FL 33301<br>pgoodman@moundcotton.com<br><br>*Counsel for Defendant Mitsui Sumitomo Insurance Company of America* |
| Melissa McMillan Sims, Esq.<br>Judith Goldstein, Esq.<br>BERK, MERCHANT & SIMS, PLC<br>2 Alhambra Plaza, Suite 700<br>Coral Gables, FL 33134<br>Msims@berklawfirm.com<br>Jgoldstein@berklawfirm.com | Michele Lo Presti-Wouters, Esq.<br>CHARTWELL LAW<br>One Battery Park Plaza, Suite 710<br>New York, NY 10004<br>mloprestiwouters@chartwelllaw.com |

| | |
|---|---|
| *Counsel for Defendant Lexington Insurance Company* | *Counsel for Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy No. 93PRX16EDCB incorrectly named herein as "Lloyd's of London"* |
| Jason M. Chodos, Esq.<br>LITCHFIELD CAVO LLP<br>600 Corporate Drive, Suite 600<br>Fort Lauderdale, FL 33334<br>Chodos@litchfieldcavo.com<br><br>*Counsel for Defendant United National Insurance Company* | Christopher M. Ramey, Esq.<br>Justin W. Sblano, Esq.<br>BUTLER WEIHMULLER KATZ CRAIG LLP<br>400 N. Ashley Drive, Suite 2300<br>Tampa, FL 33602<br>Cramey@butler.legal<br>jsblano@butler.legal<br><br>*Counsel for Defendant First Specialty Insurance Corporation* |
| Michael J. Rivero, Esq.<br>ZINOBER DIANA & MONTEVERDE, P.A.<br>150 Second Avenue North, Suite 1170<br>St. Petersburg, FL 33701<br>MRivero@zinoberdiana.com<br>MScott@zinoberdiana.com<br>Justine@zinoberdiana.com<br><br>*Counsel for Defendant Evanston Insurance Company* | |

This 12th day of July, 2021.

          */s/ Kristen K. Johnson*
          KRISTEN K. JOHNSON
          Florida Bar No. 89096