UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SALTPONDS CONDOMINIUM ASSOCIATION, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> ROCKHILL INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. <br> ) 4:20-cv-10063-JEM <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT ROCKHILL INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO MODIFY THE APPRAISAL AWARD

Defendant Rockhill Insurance Company ("Rockhill") files this memorandum of law in support of its motion to modify the appraisal award, respectfully showing the Court as follows:

**I.   OVERVIEW**

The amended appraisal award entered by plaintiff Saltponds Condominium Association, Inc.'s ("Saltponds") designated appraiser and the umpire was erroneous in that the appraiser and umpire used prices in effect on January 23, 2023, when they should have used prices in effect on the date of the loss – September 10, 2017. The Rockhill policy specifically states that the value of a loss will be determined "at time of loss."

Based on Rockhill's rough calculations, the difference in prices for the two dates totals approximately $500,000.00, which is a substantial amount. For these reasons, the amended appraisal award should be returned to the appraisal panel with instructions that they modify the award to enter an award based upon prices effective on September 10, 2017.

## I.  STATEMENT OF FACTS

(1) This is an insurance coverage dispute arising from losses caused by Hurricane Irma on September 10, 2017.

(2) This Court found that the parties "agree[d] to appraise the scope of necessary repairs and amount of loss caused by Hurricane Irma … subject to Rockhill's remaining coverage defenses and policy limitations if any, following the appraisal." [ECF 152 at 2, quoting ECF 148 at 2].

(3) On February 15, 2023, Saltponds' appraiser and the umpire entered an amended appraisal award purporting to determine the amount of the loss. ("Appraisal Award"). [EFC 157-1].

(4) The Appraisal Award shows on its face that Saltponds' appraiser and the umpire incorrectly calculated the amount of the loss based upon prices in effect in January 2023. [EFC 157-1 at 3].

(5) The Appraisal Award further states that "amounts awarded and payments of same are subject to reduction for … any other applicable deductibles, policy limitations, and/or exclusionary provisions." [EFC 157-1 at 2].

(6) The Rockhill insurance policy specifically states that value of a loss will be determined "[a]t time of loss." [ECF 22-1 at 20]. The full policy provision states as follows:

10. Valuation

At time of loss, the basis of adjustment shall be as follows:

A. On buildings and structures, at the replacement cost new with materials of like kind and quality; if not replaced, then at the actual cash value.

B. On machinery, equipment, furniture, fixtures and Improvements and Betterments at the replacement cost new; if not replaced, then at the actual cash value.

C. Valuable Papers and Records and Electronic Data Processing Media at the value blank plus the cost of labor, service and/or supplies for actually reconstructing, researching, gathering information, reproducing, recreating, transcribing or copying such papers, records and Electronic Data Processing Media.

D. Fine Arts owned by the Insured at the cost of reasonably restoring the property to its condition immediately prior to the loss, or in the event that the property cannot be restored at the appraised value prior to the loss. In absence of such appraisal, at the market value at the time of loss, plus the Insured's costs.

Fine Arts, which is the property of others, at the Insured's option, either at the cost of reasonably restoring the property to its condition immediately prior to loss, or the Insured's contractual or legal liability.

  E. Property of others and property leased by the Insured, or for which the Insured has agreed to insure, at the lesser of:

  (1)  the replacement cost new, or;

  (2)  the amount stipulated in the lease agreement, or;

  (3)  Insured's contractual or legal liability.

  F. All other property, not otherwise mentioned above, at the replacement cost new; if not replaced, then at the actual cash value.

  It is understood and agreed that as respects replacement cost new, the Insured shall have the option of replacing equipment having technological advantages and/or representing an improvement in function and/or forming part of a program of system enhancement in the event of obsolescence provided that such replacement can be accomplished without increasing the Insurer's liability.

  As respects 10.A., 10.B. and 10.F., the Insured may elect not to replace the Real Property and/or Personal Property lost, damaged, or destroyed and obtain loss settlement on a replacement cost basis if the proceeds of such loss settlement are expended in other capital expenditures related to the Insured's operations.

  Permission is granted for the Insured to replace the property with similar property at the same or another site within the territorial limits of the policy, but recovery is limited to what it would cost to replace on the same site with the same dimensions and occupancy as appears on the most recent statement of values on file with the company.

(7) The Rockhill policy also states that "[i]f there is an appraisal, the Company will still retain its right to deny the claim." *Id.* at 25.

(8) Saltponds' appraiser and the umpire should have used prices in effect on September 10, 2017, not in January 2023. Based on Rockhill's rough calculations, the difference in prices for the two dates totals approximately $500,000.00.

4

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A.  Florida Law Regarding Modifying Appraisal Awards

Florida state and federal courts have established that Fla. Stat. § 682.01, et. seq. applies to appraisal awards. "Section 682.13 of the Florida Statutes provides the grounds for vacating arbitration awards, but Florida state courts and [federal courts] have held that it also provides the grounds for vacating insurance appraisal awards." ***Villas at the Hammocks v. Empire Indem. Ins. Co.,*** 2011 U.S. Dist. LEXIS 168447 at *4 (S.D. Fla. Apr. 5, 2011); *see also **Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.**,* 2021 U.S. Dist. LEXIS 142298 (M.D. Fla. May 24, 2021) ("Florida's Arbitration Code applies to motions to set aside invalid appraisal awards.").

An insurer retains the right to seek modification of an appraisal award to make it conform with the provisions of the insurance policy. Florida courts recognize that following appraisal, "[a] coverage issue may exist, of course, even where the insurer has not denied the claim as a whole. The issue is not necessarily a matter of all or nothing." ***Liberty Am. Ins. Co. v. Kennedy,*** 890 So. 2d 539, 541 (Fla. 2d DCA 2011); *accord **Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.**,* 2009 WL 790120 at *3 (S.D. Fla. Mar. 24, 2009).

**B.      The Appraisal Award Should Be Modified Because It Does Not Conform to the Provisions of the Rockhill Policy**

When the appraisal provision of an insurance contract is invoked, the appraisal should be conducted in accordance with the terms of the insurance contract. *Allstate Ins. Co. v. Suarez,* 833 So. 2d 762, 765 (Fla. 2002). When the terms of an insurance policy are unambiguous, as here, the insurance policy must be given effect as written. *SafePoint Ins. Co. v. Hallet,* 322 So. 3d 204, 207 (Fla. 5th DCA 2021). The scope of an appraisal depends on the insurance contract's provisions. *Id.*

The Court may modify or correct an award where: (a) There is an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award. Florida Statute § 682.14(1)(a). The United States District Court for the Southern District of Florida has held that failing to consider the terms of the policy has resulted in an award that "does not reflect the amount owed to Plaintiff under the policy." *Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.,* 2009 U.S. Dist. LEXIS 24689 at 7 (S.D. Fla. Mar. 24, 2009).

Here, the Rockhill policy's appraisal provision specifically states that "[i]f there is an appraisal, the Company will still retain its right to deny the claim." [ECF 22-1 at 25]. This Court specifically found that the parties agreed to appraisal "subject to Rockhill's remaining coverage defenses and policy limitations if any, following the appraisal." [ECF 152 at 2, quoting ECF 148 at 2]. Further, the Appraisal Award

6

specifically states that "amounts awarded and payments of same are subject to reduction for … any other applicable deductibles, policy limitations, and/or exclusionary provisions." [EFC 157-1 at 2]. Therefore, Rockhill has retained its right to argue that the Appraisal Award contains a miscalculation of figures and an evident mistake and does not reflect the amount owed under the Rockhill policy. The Appraisal Award on its face shows that it was calculated without consideration of the Rockhill policy's valuation provision, which states that a loss will be valued "at time of loss" – which was September 10, 2017. Instead, Saltponds' appraiser and the umpire calculated the value of the loss based upon January 2023 prices. This clearly was a miscalculation of the amount owed under the Rockhill policy.

The phrase "at time of loss" in the Rockhill policy means that Rockhill's obligation to pay for a covered loss is limited to the value of the damaged property "at time of loss." This phrase is clear and unambiguous. In ***Corrales Ventures, LLC v. Union Ins. Co.,*** 2023 U.S. Dist. LEXIS 13227 (D. N.M. Jan. 25, 2023), the court construed similar policy language, which stated that "[w]e will determine the value of Covered Property in the event of loss or damage … [a]t actual cash value as of the time of loss or damage…." *Id.* at 10. The court in ***Corrales*** found this phrase was unambiguous and held that "if Corrales Ventures is successful in proving that Union breached the insurance contract and underpaid its claim, it will be entitled to recover ACV as of the date of the loss, which in this case is July 30, 2018." ***Id;*** *see also*

***Bowlers' Alley, Inc. v. Cincinnati Ins. Co.,*** 122 F. Supp. 3d 675, 681 (E.D. Mich. Aug. 11, 2015) ("Michigan courts have held that the amount due from an insurer is fixed as of the date of the [loss]"). In a case involving an appraisal award, the court held that actual cash value was to be determined at the time of the loss, reasoning that "it would make no sense to make the parties bear the risk and uncertainty of an increased or decreased recovery based on the date of a hypothetical future appraisal hearing that may never come to pass." ***N. Nat'l Bank v. N. Star Mut. Ins. Co.,*** 2012 Minn. App. Unpub. LEXIS 915 at *12-13 (Minn. App. 2012); *see also* ***Haman, Inc. v. Chubb Custom Ins. Co.,*** 2021 U.S. Dist. LEXIS 196169 *34 (N.D. Ala. Oct. 21, 2021) ("Here, the policy provides that the parties are to calculate loss valuations "as of the time of loss or damage," not the time of trial. [cit]. So this provision limits Haman's damages, if any, to cash value at the time of the fire…."); ***Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.,*** 2006 U.S. Dist. LEXIS 1324 *11 (W.D Pa. Jan. 13, 2006) ("It is well-established that, under Pennsylvania law, actual cash value in a policy of insurance means what it would cost to replace a building or chattel as of the date of the loss").

Here, because the Appraisal Award was calculated without reference to the Rockhill policy's terms, conditions, exclusions, and provisions, the amount of the award was miscalculated. Therefore, the matter should be returned to the appraisal panel with instructions that they modify the award in accordance with the Rockhill

policy's valuation provision and calculate the award based upon prices in effect on September 10, 2017.

## III. CONCLUSION

For the reasons and on the grounds discussed above, this Court should enter an order returning the matter to the appraisal panel with instructions that the appraisal award be modified to reflect the value of the loss using prices in effect on September 10, 2017.

Respectfully submitted this 12th day of October, 2023.

/s/ Elizabeth D. Salinas
Elizabeth D. Salinas, Esq.
Florida Bar No. 113394
MOZLEY, FINLAYSON & LOGGINS LLP
4767 New Broad Street
Orlando, Florida 32814
Tel: (404) 256-0700
Fax: (404) 250-9355
esalinas@mfllaw.com

*Counsel for Defendant Rockhill Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | |
|---|---|
| SALTPONDS CONDOMINIUM ASSOCIATION, INC., <br><br>Plaintiffs,<br><br>v.<br><br>ROCKHILL INSURANCE COMPANY, ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.<br>) 4:20-cv-10063-JEM<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing ***Defendant Rockhill Insurance Company's Memorandum Of Law In Support Of Its Motion To Modify The Appraisal Award*** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

| | |
|---|---|
| Joseph W. Janssen, III, Esq.<br>John M. Siracusa, Esq.<br>JANSSEN, SIRACUSA & KEEGAN, PLLC<br>19 West Flagler Street, Suite 618<br>Miami, FL 33130<br>jjanssen@jasilaw.com<br>jsiracusa@jasilaw.com<br>kmaska@jasilaw.com<br>mkeegan@jasilaw.com<br><br>*Counsel for Plaintiff Saltponds Condominium Association, Inc* | Antonio D. Morin, Esq.<br>AKERMAN LLP<br>Three Brickell City Centre<br>98 SE 7th St Ste 1100<br>Miami, FL 33131-3525<br>antonio.morin@akerman.com<br><br>*Counsel for Hallmark Specialty Insurance Company* |

This 12th day of October, 2023.

                                                   */s/ Elizabeth D. Salinas*
                                                   Elizabeth D. Salinas, Esq.
                                                   Florida Bar No. 113394