UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | |
|---|---|
| SALTPONDS CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKHILL INSURANCE COMPANY, ET AL. <br><br> Defendant. | CIVIL ACTION NO. 4:20-cv-10063-JEM |

**DEFENDANT ROCKHILL INSURANCE COMPANY'S OBJECTION TO OMNIBUS REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON PLAINTIFF'S MOTION TO CONFIRM REVISED APPRAISAL AWARD AND DEFENDANT'S MOTION TO MODIFY APPRAISAL AWARD**

Defendant Rockhill Insurance Company ("Rockhill") files its objection to the Magistrate Judge's Omnibus Report and Recommendation on Plaintiff's Motion to Confirm the Revised Appraisal Award and Defendant's Motion to Modify the Appraisal Award under and in accordance with 28 U.S.C. §636(b), respectfully showing the Court as follows:

**I.     OVERVIEW**

On February 15, 2023, a revised appraisal award was entered in this insurance dispute "subject to reduction for amounts previously paid, any other applicable deductibles, policy limitations, and/or exclusionary provisions." [ECF 157-1]. The revised appraisal award incorrectly applied prices for the cost to repair and replace

the claimed damages that were in effect on January 10, 2023 – the date of the award. [*Id.* at p. 3]. The Rockhill insurance policy expressly provides that the amount owed for a loss shall be determined "[a]t the time of loss." [ECF 22-1 at 20]. The Magistrate Judge erroneously recommended confirming the award "[b]ecause the Court is not persuaded that the Valuation Provision constitutes a policy limitation." [ECF 179 at 11]. Rockhill files its objection to the Magistrate Judge's Omnibus Report and Recommendation because the Magistrate Judge erred when she recommended upholding the revised appraisal award. Therefore, this Court should not adopt the Magistrate Judge's recommendation.

## II. STATEMENT OF FACTS

This is an insurance coverage dispute arising from damages caused by Hurricane Irma on September 10, 2017. [ECF 1]. On September 10, 2021, this Court granted the parties' unopposed Joint Motion to Stay Action Pending Appraisal. [ECF 152]. The Court noted that the parties agreed to appraise "the scope of necessary repairs and amount of loss caused by Hurricane Irma . . . subject to Rockhill's remaining coverage defenses and policy limitations, if any, following the appraisal." [*Id.* at 2]. The Rockhill insurance policy provides that the value of a loss will be determined "[a]t time of loss." [ECF 22-1 at 20]. The full policy provision states as follows:

    10.    Valuation

**At time of loss**, the basis of adjustment shall be as follows:

A. On buildings and structures, at the replacement cost new with materials of like kind and quality; if not replaced, then at the actual cash value.

B. On machinery, equipment, furniture, fixtures and Improvements and Betterments at the replacement cost new; if not replaced, then at the actual cash value.

C. Valuable Papers and Records and Electronic Data Processing Media at the value blank plus the cost of labor, service and/or supplies for actually reconstructing, researching, gathering information, reproducing, recreating, transcribing or copying such papers, records and Electronic Data Processing Media.

D. Fine Arts owned by the Insured at the cost of reasonably restoring the property to its condition immediately prior to the loss, or in the event that the property cannot be restored at the appraised value prior to the loss. In absence of such appraisal, at the market value **at the time of loss**, plus the Insured's costs.

Fine Arts, which is the property of others, at the Insured's option, either at the cost of reasonably restoring the property to its condition immediately prior to loss, or the Insured's contractual or legal liability.

E. Property of others and property leased by the Insured, or for which the Insured has agreed to insure, at the lesser of:

(1) the replacement cost new, or;

(2) the amount stipulated in the lease agreement, or;

(3) Insured's contractual or legal liability.

F. All other property, not otherwise mentioned above, at the replacement cost new; if not replaced, then at the actual cash value.

It is understood and agreed that as respects replacement cost new, the Insured shall have the option of replacing equipment having

technological advantages and/or representing an improvement in function and/or forming part of a program of system enhancement in the event of obsolescence provided that such replacement can be accomplished without increasing the Insurer's liability.

As respects 10.A., 10.B. and 10.F., the Insured may elect not to replace the Real Property and/or Personal Property lost, damaged, or destroyed and obtain loss settlement on a replacement cost basis if the proceeds of such loss settlement are expended in other capital expenditures related to the Insured's operations.

Permission is granted for the Insured to replace the property with similar property at the same or another site within the territorial limits of the policy, but recovery is limited to what it would cost to replace on the same site with the same dimensions and occupancy as appears on the most recent statement of values on file with the company.

[*Id.* at 20-21] (emphasis supplied). The Rockhill policy further provides that "[i]f there is an appraisal, the Company will still retain its right to deny the claim." [*Id.* at 25].

On February 15, 2023, a revised appraisal award was issued "subject to reduction for amounts previously paid, any other applicable deductibles, policy limitations, and/or exclusionary provisions." [ECF 157-1]. The revised appraisal award applied pricing for the cost to repair and replace the damage that was in effect on January 10, 2023. [*Id.* at p. 3]. On March 14, 2023, plaintiff filed its Motion to Lift Stay, Confirm Revised Appraisal Award, for Entry of Final Judgment, and Incorporated Memorandum of Law. [ECF 158]. On the same day, Rockhill filed its Unopposed Motion to Lift the Stay and Reopen the Case to Allow Filing of Rockhill's Motion to Modify the Appraisal Award. [ECF 159]. On October 12, 2023,

4

Rockhill filed its Motion to Modify the Appraisal Award, as directed by the Magistrate Judge. [ECF 174]. On February 16, 2024, finding no basis to modify the revised appraisal award, the Magistrate Judge recommended confirming the award in an Omnibus Report and Recommendation. [ECF 179]. The Magistrate Judge erred in recommending upholding the revised appraisal award "[b]ecause the Court is not persuaded that the Valuation Provision constitutes a policy limitation." [*Id.* at 11]. The Magistrate Judge's Report and Recommendation is contrary to the law, as the policy provision clearly requires that the value of the loss be determined "at time of loss." Therefore, the Court should reject the Magistrate Judge's Report and Recommendation and refer the claim back to the appraisal panel to correctly apply the policy provision setting the value of the loss to September 10, 2017, consistent with the policy's valuation provision.

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. The Court shall make a de novo determination**

Under 28 U.S.C. § 636(b), a judge of the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate."

### B. Florida Law Regarding Modifying Appraisal Awards

Florida's state and federal courts have established that Fla. Stat. § 682.01, *et. seq.* applies to appraisal awards. "Section 682.13 of the Florida Statutes provides the grounds for vacating arbitration awards, but Florida state courts and [federal courts] have held that it also provides the grounds for vacating insurance appraisal awards." ***Villas at the Hammocks v. Empire Indem. Ins. Co.,*** 2011 U.S. Dist. LEXIS 168447 at *4 (S.D. Fla. Apr. 5, 2011); *see also* ***Mont Claire at Pelican Marsh Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.,*** 2021 U.S. Dist. LEXIS 142298 (M.D. Fla. May 24, 2021) ("Florida's Arbitration Code applies to motions to set aside invalid appraisal awards.").

An insurer retains the right to seek modification of an appraisal award to make it conform with the provisions of the insurance policy. Florida courts recognize that following appraisal, "[a] coverage issue may exist, of course, even where the insurer has not denied the claim as a whole. The issue is not necessarily a matter of all or nothing." ***Liberty Am. Ins. Co. v. Kennedy,*** 890 So. 2d 539, 541 (Fla. 2d DCA 2011); *accord* ***Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.,*** 2009 WL 790120 at *3 (S.D. Fla. Mar. 24, 2009).

### C. The Revised Appraisal Award Should Be Modified Because It Does Not Conform to the Provisions of the Rockhill Policy

When the appraisal provision of an insurance contract is invoked, the appraisal should be conducted in accordance with the terms of the insurance

contract. ***Allstate Ins. Co. v. Suarez,*** 833 So. 2d 762, 765 (Fla. 2002). When the terms of an insurance policy are unambiguous, as here, the insurance policy must be given effect as written. ***SafePoint Ins. Co. v. Hallet,*** 322 So. 3d 204, 207 (Fla. 5th DCA 2021). The scope of an appraisal depends on the insurance contract's provisions. ***Id.*** The plain and unambiguous language of the Rockhill policy provides that the valuation of a loss will be determined at the time of loss.

The phrase "at time of loss" in the Rockhill policy means that Rockhill's obligation to pay for a covered loss is determined "at time of loss." This phrase is clear and unambiguous. In ***Corrales Ventures, LLC v. Union Ins. Co.,*** 2023 U.S. Dist. LEXIS 13227 (D. N.M. Jan. 25, 2023), the court construed similar policy language, which stated that "[w]e will determine the value of Covered Property in the event of loss or damage … [a]t actual cash value as of the time of loss or damage…." ***Id.*** at 10. The court in ***Corrales*** found this phrase was unambiguous and held that "if Corrales Ventures is successful in proving that Union breached the insurance contract and underpaid its claim, it will be entitled to recover ACV as of the date of the loss, which in this case is July 30, 2018." ***Id.;*** *see also* ***Bowlers' Alley, Inc. v. Cincinnati Ins. Co.,*** 122 F. Supp. 3d 675, 681 (E.D. Mich. Aug. 11, 2015) ("Michigan courts have held that the amount due from an insurer is fixed as of the date of the [loss]"). In a case involving an appraisal award, the court held that the actual cash value of the loss was to be determined at the time of the loss, reasoning

that "it would make no sense to make the parties bear the risk and uncertainty of an increased or decreased recovery based on the date of a hypothetical future appraisal hearing that may never come to pass." *N. Nat'l Bank v. N. Star Mut. Ins. Co.,* 2012 Minn. App. Unpub. LEXIS 915 at *12-13 (Minn. App. 2012); *see also* **Haman, Inc. v. Chubb Custom Ins. Co.,** 2021 U.S. Dist. LEXIS 196169 *34 (N.D. Ala. Oct. 21, 2021) ("Here, the policy provides that the parties are to calculate loss valuations "as of the time of loss or damage," not the time of trial. [cit]. So this provision limits Haman's damages, if any, to cash value at the time of the fire…."); **Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.,** 2006 U.S. Dist. LEXIS 1324 *11 (W.D Pa. Jan. 13, 2006) ("It is well-established that, under Pennsylvania law, actual cash value in a policy of insurance means what it would cost to replace a building or chattel as of the date of the loss"). The date of loss was September 10, 2017 – "On September 10, 2017, Hurricane Irma made landfall in Monroe County, and caused damage to the Property." [ECF 1 at ¶ 11]. However, the revised appraisal award applied the cost to repair and replace the damages as of January 10, 2023. [ECF 157-1 at 3].

In Florida, whether and the extent to which a claim is covered by the insurance policy is a judicial question, not a question for the appraisal panel. **Johnson v. Nationwide Mutual Insurance Co.,** 828 So. 2d 1021, 1025 (Fla. 2002); **Gratkowski v. Asi Preferred Insurance Corp.,** 351 So. 3d 1216, 1219 (Fla. 2d DCA 2022). And courts have recognized that a court may set aside an otherwise binding appraisal

award when the award was not issued in compliance with the requirements of the policy. *Mainali Corporation v. Covington Specialty Insurance Company,* 872 F.3d 255, 258 (5th Cir. 2017); *MLCSV10 v. Stateside Enterprises, Inc.*, 866 F. Supp. 2d 691, 698 (S.D. TX 2012). An insurer may challenge an appraisal award by asserting "any coverage defenses which may be available to it." *State Farm Fire and Casualty Company v. Licea,* 685 So.2d 1285, 1287 (Fla. 1996). When an insurer proceeds with the appraisal process, the insurer has not thereby abandoned any of the coverage defenses that are available to it. *Id.* "Limits of coverage are not deleted from the policy once the parties go to appraisal. To hold that an appraisal award supersedes policy limits that both parties have agreed to and the Plaintiffs have paid a premium for is contrary to and in violation of [Florida statutes]." *Shlager v. Asi Assurance Corporation,* 2015 Fla. Cir. LEXIS 73776 *9 (15th Cir. Ct. 2015). Here, the parties agreed and plaintiff paid for the valuation of a covered loss "at time of loss."

In her Report and Recommendation, the Magistrate Judge acknowledges that the valuation provision in the Rockhill policy specifies that the value of a loss will be determined "at time of loss." [ECF 179 at 9]. The Magistrate Judge then compares three cases with similar valuation language. In *W. 32nd/33rd Place Warehouse Condominium Association, Inc. v. Western World Insurance Company,* 2023 U.S. Dist. LEXIS 79066 (S.D. Fla. 2023), the policy stated that the value of a loss to

9

covered property would be determined "as of the time of loss or damage." *Id.* The court found this policy language unambiguous "that repairs and replacements are to be valued at the time of loss" and granted the insurer's motion for partial summary judgment. *Id.* at *14. In ***Corrales Ventures, LLC v. Union Insurance Company,*** 2023 U.S. Dist. LEXIS 13227 (D. N.M. 2023), the policy provided for the determination of value "as of the date of loss." *Id.* at 8. The court held that this policy valuation provision was "clear and unambiguous" and the insured could recover its damages as of the date of loss, which was July 30, 2018. *Id.* at 10. Finally, in ***Haman, Inc. v. Chubb Custom Insurance Company,*** 2021 U.S. Dist. LEXIS 196169 (N.D. Ala. 2021), the policy provided that the amount of the damages to property would be determined "as of the time of loss or damage." *Id.* at 8. The court rejected the insured's effort to increase costs to the "current replacement costs" because the policy's valuation provision limited recovery to "as of the time of loss or damage." *Id.* at 34.

Without explanation or analysis, the Magistrate Judge here stated that the Rockhill policy valuation provision which provides that a covered loss will be valued and determined "at time of loss" "does not expressly state the time period to use when calculating replacement cost or actual cash value." [ECF 179 at 9-10]. This determination is inexplicable and without any reasoned foundation. "As of the time of loss or damage" and "as of the date of loss" are practically identical to "at time of

10

loss" in the Rockhill policy. The Magistrate Judge apparently acknowledges through her reliance on the three cases cited above that the former two phrases are clear, unambiguous and enforceable. "At time of loss" is similarly clear and unambiguous and the statement that this provision does not "state the time period to use" is simply wrong. "At time of loss" is the date on which Hurricane Irma caused the damage to plaintiff's property – September 10, 2017.

### D. Labels do not control the merits of this matter

The Magistrate Judge then focuses her attention on a phrase in this Court's September 10, 2021 stay order in which the Court noted that the parties had agreed to an appraisal and that the appraisal was "subject to Rockhill's remaining coverage defenses and policy limitations, if any, following the appraisal." [ECF 152 at 2]. The Magistrate Judge somehow decided that the valuation provision in the Rockhill policy was not a "policy limitation" because it "at best, provides some direction as to how to measure a loss." [ECF 179 at 10]. It is important to note that an insurer retains the right to seek modification of an appraisal award to make it conform with the provisions of the insurance policy. Florida courts recognize that following appraisal, "[a] coverage issue may exist, of course, even where the insurer has not denied the claim as a whole. The issue is not necessarily a matter of all or nothing." ***Liberty Am. Ins. Co. v. Kennedy***, 890 So. 2d 539, 541 (Fla. 2d DCA 2011); *accord* ***Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.***, 2009 WL 790120 at *3

(S.D. Fla. Mar. 24, 2009). There is no magic or term of art for what constitutes a policy limitation. An insured and insurer each are entitled to an appraisal award consistent with the provisions, terms and conditions of the insurance policy for which they bargained. The bargain here was clear and unambiguous that the value of a covered loss must be determined "at time of loss." Under Florida law, an insurer always retains the right to seek modification of an appraisal award to make it conform with the provisions of the insurance policy. ***Liberty Am. Ins. Co. v. Kennedy***, 890 So. 2d 539, 541 (Fla. 2d DCA 2011). The Magistrate Judge's statement that Rockhill must first demonstrate "that the Valuation Provision is a policy limitation" before obtaining modification of the revised appraisal award, respectfully, is simply incorrect.

The Magistrate Judge's reliance upon ***Sands on the Ocean Condominium Association, Inc. v. QBE Insurance Corporation,*** 2009 U.S. Dist. LEXIS 24689 (S.D. Fla. 2009), to support its determination that the valuation provision in the Rockhill policy is not a "policy limitation" is misplaced. While the specific policy provision at issue in ***Sands on the Ocean*** was a specific coverage limit on the amount payable for code upgrades, the court in ***Sands on the Ocean*** favorably quoted from ***Liberty American Insurance Company v. Kennedy,*** 890 So.2d 539 (Fla. Dist. Ct. App. 2005), which stated that "the submission of a claim to appraisal does not foreclose challenging an element of loss as not being covered by the policy." ***Id.*** at

12

*8. That is, the issue is policy coverage and not whether the issue is a specific monetary limitation associated with a certain type of loss. For example, in *Island Roofing & Restoration LLC v. Empire Indemnity Insurance Company,* 2022 U.S. Dist. LEXIS 168922 at *13 (M.D. Fla. 2022), the court noted that "an insurer may challenge any appraisal award by asserting 'any coverage defenses which may be available to it.'" *citing* **Licea,** *infra* at 1287. "After all, only if a court decides that coverage exists for a claim under a policy will the dollar value agreed upon under the appraisal process be binding upon both parties." *Id.* In *Island Roofing,* the appraisal panel awarded ACV and RCV at $10,761,515.65 notwithstanding that the plaintiff had submitted a repair estimate of $6.4 million. The Empire policy contained a provision which provided that its obligation for payment of loss was at replacement cost. The court held that the replacement cost coverage provision of the policy "ultimately determines what Island Roofing may claim as damages under the policy." *Id.* at 19. In short, the court stated that Island Roofing "must demonstrate that the amount it seeks to recover (e.g., the entire appraisal award) comports with the policy's coverage provision and any relevant exclusions." *Id.* at 20. In effect, an appraisal award must be consistent with and comport with the policy's coverage provisions. In this respect, a policy provision that establishes that the value of a covered loss is to be determined "at time of loss" is a policy limitation in the sense that it proscribes the terms and conditions for recovery under the policy. The

13

Magistrate Judge erred in concluding that the policy's valuation provision was not meant to limit an appraisal award, which clearly was not based upon the terms, conditions and limitations of the Rockhill policy.

### E.     The issue is when to value the loss under the policy terms

The Magistrate Judge devotes a substantial portion of her Report and Recommendation to a discussion of the absence of an "evident miscalculation of figures" and a lack of legal authority from Rockhill to support this basis for modification of the appraisal award. [ECF 179 at 11-14]. As discussed above, however, the flaw in the revised appraisal award here lies with the panel's failure to value the loss due to Hurricane Irma in compliance with the terms, conditions and limitations of the Rockhill policy. The policy unequivocally provides that the loss will be valued "at time of loss." The revised appraisal award on its face shows that the panel applied pricing in effect on January 10, 2023. [ECF 157-1 at 3]. This fact is confirmed by a member of the appraisal panel, showing the term "Price List: FLKW_JAN23" on the Xactimate estimate attached to and a part of the award, which indicates the estimate used "construction prices in effect in Key West area in January 2023." [ECF 165-1 at ¶ 8]. The use of pricing in effect at the time the appraisal award was issued rather than pricing in effect "at time of loss" is not in accordance with the terms, conditions and provisions of the Rockhill policy. The terms of coverage or "limits of coverage" are not deleted from the policy once the

parties go to appraisal. *Shlager v. Asi Assurance Corporation,* 2015 Fla. Cir. LEXIS 73776 at *9 (15th Cir. Ct. 2015).

There is no provision in the Rockhill policy or any rational basis for determining the value of the loss to covered property at the time the appraisal award is issued. The applicable insurance policy sets out the measure of damages within the policy itself and "expressly limits the damages for which the insurance company is liable." *Haman, Inc. v. Chubb Custom Insurance Company,* 2021 U.S. Dist. LEXIS 196169 at *17 (N.D. Ala. 2021). Regardless of the label one wants to attach to it, e.g., policy limitation, policy terms and conditions, policy coverage provision, the revised appraisal award here did not apply the pertinent policy clause to value the loss at issue. Indeed, the Magistrate Judge acknowledges: "Although the Valuation Provision here, at best, provides some direction as to how to measure a loss, it does not provide a limitation." [ECF 179 at 10]. Regardless of how the language of the policy is labeled, the policy sets forth the agreed upon bargain between the parties and clearly states that the amount of a loss is to be determined "at time of loss."

**F.   Rockhill is entitled to credit for all payments made**

The Magistrate Judge's Report and Recommendation concludes that Plaintiff's Motion to Confirm Revised Appraisal Award and for the Entry of Final Judgment should be granted. As explained above, this recommendation should not

be adopted by this Court for the reasons discussed in this objection and Rockhill's Motion to Modify Appraisal Award should be granted. Because the revised appraisal award did not properly apply the coverage terms and conditions of the policy as to when the value of the loss should be determined, the claim should be returned to the appraisal panel for a determination of the value of the loss "at time of loss" in accordance with the valuation provision of the policy.

It should also be noted that the February 15, 2023 revised appraisal award is for $2,569,175.30 at replacement cost and $2,443,450.40 at actual cash value. [ECF 157-1]. Plaintiff has acknowledged that a partial payment was made on the claim of $250,000.00 on October 8, 2021. [ECF 158 at 3]. In addition, plaintiff acknowledged the policy contains a 3% deductible equal to $745,528.38. *Id.* Plaintiff thus requests the entry of final judgment for the balance. However, following issuance of the revised appraisal award, Rockhill made an additional payment on the claim of $991,186.31 payable to Janssen, Siracusa & Keegan, PLCC Trust Account based on the revised appraisal award (after converting pricing to 2017). *See* Exhibit 1 Check Number 1000115562. Therefore, if Rockhill's objection is overruled, the final judgment balance due is $456,735.71 ($2,443,450.40 - $250,000 -$745,528.38 - $991,186.31). While the Rockhill's objection to the Magistrate Judge's Report and Recommendation should be sustained for the reasons set forth above, the final

judgment issued by the Court if the objection is overruled should be in the amount of $456,735.71.

## IV.   CONCLUSION

Because the revised appraisal award was calculated without complying with the Rockhill policy's terms, conditions, exclusions, and provisions, the award is improper and flawed. Therefore, the claim should be returned to the appraisal panel with instructions that they modify the award in accordance with the Rockhill policy's valuation provision and calculate the award based upon prices in effect "at time of loss" or September 10, 2017.

Respectfully submitted this 1st day of March, 2024.

*/s/ Elizabeth D. Salinas*
Elizabeth D. Salinas, Esq.
Florida Bar No. 113394
MOZLEY, FINLAYSON & LOGGINS LLP
4767 New Broad Street
Orlando, Florida 32814
Tel: (404) 256-0700
Fax: (404) 250-9355
esalinas@mfllaw.com

*Counsel for Defendant Rockhill Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

| | |
|---|---|
| SALTPONDS CONDOMINIUM ASSOCIATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ROCKHILL INSURANCE COMPANY, ET AL.,<br><br>Defendants. | CIVIL ACTION NO. 4:20-cv-10063-JEM |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing ***Defendant Rockhill Insurance Company's Written Objections to the Omnibus Report and Recommendation of Magistrate on Plaintiff's Motion to Confirm Revised Appraisal Award and Defendant's Motion to Modify the Appraisal Award*** using the Court's CM/ECF System, which will automatically send a copy of same to the following counsel of record:

Robert Malcolm Darroch
Sara K. Blackwell
GOODMAN MCGUFFEY, LLP
rdarroch@gm-llp.com
dlane@gm-llp.com
flservice@gm-llp.com

*Counsel for Defendant Colony Insurance Company*

Michael J. Rivero
Corinna K. Hamilton
RIVERO & KELLY, PLLC
mrivero@riverokelly.com
chamilton@riverokelly.com
pleadings@riverokelly.com

*Counsel for Defendant Evanston Insurance Company*

| | |
|---|---|
| Christopher M. Ramey<br>Justin W. Sblano<br>BUTLER WEIHMULLER KATZ CRAIG LLP<br>cramey@butler.legal<br>jsblano@butler.legal<br>hkerr@butler.legal<br>knieman@butler.legal<br><br>*Counsel for Defendant First Specialty Insurance Company* | Melissa M. Sims<br>Judith B. Goldstein<br>Christopher James Tracey, Jr.<br>BERK MERCHANT & SIMS PLC<br>msims@berklawfirm.com<br>jgoldstein@berklawfirm.com<br>eibarra@berklawfirm.com<br>ctracey@berklawfirm.com<br><br>*Counsel for Defendant Lexington Insurance Company* |
| Michele A. Lo Presti<br>CHARTWELL LAW<br>mloprestiwouters@chartwelllaw.com<br>tbussell@chartwellaw.com<br><br>*Counsel for Defendant Certain Underwriters at Lloyd's, London subscribing to Policy No. 93PRX16EDCB herein incorrectly named as Lloyd's of London* | Perry R. Goodman<br>Brooke O. Turetzky<br>MOUND COTTON WOLLAN & GREENGRASS, LLP<br>pgoodman@moundcotton.com<br>bturetzky@moundcotton.com<br><br>*Counsel for Defendant Mitsui Sumitomo Insurance Company of America* |
| Jason M. Chodos<br>ZELLE LLP<br>jchodos@zelle.com<br><br>*Counsel for Defendant United National Insurance Company* | Matthew L. Litsky<br>Michael Austin McGriskin<br>PHELPS DUNBAR<br>matthew.litsky@phelps.com<br>michael.mcgriskin@phelps.com<br><br>*Counsel for Defendant Lloyd's of London Certain Underwriters at Lloyd's, London subscribing to Policy No. B1230AP04438A16* |

| | |
|---|---|
| Christine M. Renella<br>Jacarri M. Walker, Esq.<br>Zelle, LLP<br>crenella@zellelaw.xom<br>jwalker@zellelaw.com<br><br>*Counsel for Defendant, Liberty Surplus Insurance Corporation* | Antonio DeJesus Morin<br>AKERMAN LLP<br>antonio.morin@akerman.com<br><br>Gideon Reitblat<br>AKERMAN SENTERFITT<br>gideon.reitblat@akerman.com<br><br>*Counsel for Defendant Hallmark Specialty Insurance Company/Lloyds of London* |
| Joseph W. Janssen, III<br>John M. Siracusa<br>JANSSEN, SIRACUSA & KEEGAN, PLLC<br>jjanssen@jasilaw.com<br>jsiracussa@jasilaw.com<br><br>*Counsel for Plaintiff Saltponds Condominium Association, Inc.* | |

This 1st day of March, 2024.

                                              */s/ Elizabeth D. Salinas*
                                              Elizabeth D. Salinas, Esq.
                                              Florida Bar No. 113394